IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Billy Quinn, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 5008 |
| AllianceOne Receivables Management, Inc., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Billy Quinn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Billy Quinn ("Quinn"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt owed for a Credit First credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. AllianceOne operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. From Defendant AllianceOne's offices in Illinois, and sixteen other states, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. See, AllianceOne's web-site materials, attached as Exhibit A.

6. Defendant AllianceOne is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit B. In fact, AllianceOne conducts business in Illinois.

7. Moreover, Defendant AllianceOne is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, AllianceOne acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Mr. Quinn is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Credit First credit card. When Defendant AllianceOne began trying to collect the Credit First debt from Mr. Quinn, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant AllianceOne's collection

actions.

9. On April 5, 2010, one of Mr. Quinn's attorneys at LASPD informed AllianceOne, in writing, that Mr. Quinn was represented by counsel, and directed AllianceOne to cease contacting him, and to cease all further collection activities because Mr. Quinn was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant AllianceOne sent a collection letter, dated May 12, 2010, directly to Mr. Quinn, in which it continued to demand payment of the Credit First debt. A copy of this letter is attached as Exhibit E.

11. Accordingly, on July 16, 2010, Mr. Quinn's LASPD attorney had to send Defendant AllianceOne another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

12. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. Quinn's agent, LASPD, told Defendant AllianceOne to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendant AllianceOne violated § 1692c(c) of the FDCPA.

17. Defendant AllianceOne's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II

### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20. Defendant AllianceOne knew that Mr. Quinn was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant AllianceOne to cease directly communicating with Mr. Quinn.  By directly sending Mr. Quinn the collection letter (Exhibit E), despite being advised that he was represented by counsel, Defendant AllianceOne violated § 1692c(a)(2) of the FDCPA.

21. Defendant AllianceOne's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

## PRAYER FOR RELIEF

Plaintiff, Billy Quinn, prays that this Court:

1. Find that Defendant AllianceOne's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Quinn, and against Defendant AllianceOne, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Billy Quinn, demands trial by jury.

                                            Billy Quinn,

                                            By: /s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated: August 10, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5